UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHULAMRASOOL AHMADZAI (A-Number: 241-251-983),<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-1803-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Ghulamrasool Ahmadzai is an Afghan citizen who arrived in the United States on May 9, 2023 and was released on his own recognizance on June 4, 2023.  On December 16, 2025, petitioner was re-detained by ICE.  On March 20, 2026, the court issued a temporary restraining order mandating his release.  It appears that petitioner is no longer in custody. Resolution of the petition has been referred to me.  For the following reasons, I recommend that the petition be granted and that the court issue permanent injunctive relief.

**Background**

Petitioner is an Afghan citizen who arrived in the United States on May 9, 2023 and was released on his own recognizance on June 4, 2023.  ECF No. 10-1 at 2.  Petitioner's removal proceedings were terminated in December 2023 for "failure to prosecute."  *Id.*  On January 30 2024, petitioner applied for an employment authorization document, which was approved by the

1

government on March 8, 2024.  *Id.*  On December 16, 2025, petitioner was re-detained by ICE.  *Id.*

### Procedural History

Petitioner, proceeding through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 5, 2026.  ECF No. 1.  On March 10, 2026, the court referred the matter to me.  ECF No. 6.  On March 20, 2026, petitioner filed a motion for temporary restraining order.  ECF No. 7.  By minute order on March 20, 2026, the court found that petitioner "met his burden establishing a TRO is warranted" and granted the motion.  ECF No. 9.  The court ordered respondents to immediately release petitioner.  *Id.*  The court further ordered respondents to show cause why the court should not grant the petition for writ of habeas corpus and enter judgment in favor of petitioner.  *Id.*  Respondents filed their response to the order to show cause on March 27, 2026.  ECF No. 10.  Petitioner replied on March 30, 2026.  ECF No. 11.  Respondents filed an answer to the petition on June 1, 2026.  ECF No. 13.  Petitioner filed a traverse on June 8, 2026.  ECF No. 14.  The matter is fully briefed and submitted.

### Analysis

The court ordered the parties to show cause why the preliminary relief it provided when it ordered petitioner's release should not be made permanent.  ECF No. 9.  The court found, on March 20, 2026, that petitioner was likely to succeed on his claims that his detention violated the law, and it issued a temporary restraining order requiring his release.  ECF No. 9.  Neither party has updated the court regarding petitioner's custody status, but the ICE detainee locator does not show him in custody.

Respondents have supplemented the record with petitioner's I-213 form  ECF No. 10-1.  Respondents also submitted evidence in the form of a declaration by a deportation office that petitioner missed check-ins with ICE in 2024 and 2025.  ECF No. 13-1.  Respondents object to the court's prior order enjoining respondents from re-detaining petitioner without a pre-deprivation hearing on seven days' notice.  ECF No. 13 at 2.  Petitioner requests that the court rule on the merits of the habeas petition and has not provided any additional evidence.  ECF Nos.

11, 14.

For the purpose of the due process claim on which the court ordered release, the record remains the same as when the court entered its previous order and supports the granting of permanent relief in this matter.  The only question is whether the portion of the court's TRO that enjoined respondents from re-detaining petitioner without a pre-deprivation hearing should be included in the permanent injunction.

Respondents have provided no legal authority requiring the court to reconsider its injunction against re-detention of petitioner without notice and a pre-deprivation hearing.  *See* ECF No. 13.  Respondents continue to argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an applicant for admission, while also acknowledging "the cases to the contrary in this District." *Id.* at 2-3.

For the same reasons identified in the court's order granting petitioner's motion for preliminary relief, ECF No. 9, and consistent with the reasoning in *Morales-Flores v. Lyons*, No. 1:25-cv-1640-TLN-EFB, 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025), I recommend that petitioner's habeas corpus petition be granted on its procedural due process claim and that the preliminary injunction be converted to a permanent injunction.  *See e.g.*, *M. v. Chestnut*, No. 1:26-cv-0241-TLN-SCR, 2026 WL 1266254, *2 (E.D. Cal. May 8, 2026), *report and recommendation adopted*, 2026 WL 1361717 (E.D. Cal. May 14, 2026); *Gallegos v. Chestnut*, No. 1:26-cv-0320-DAD-SCR, 2026 WL 1415300 (E.D. Cal. May 20, 2026).

**Conclusion**

Based on the foregoing, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2.  The preliminary injunctive previously granted, ECF No. 9, be converted to a permanent injunction on the same terms.

3.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the

3

court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 18, 2026                                            
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE